UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

VERNON HAROLD MAY,                                    Case No.  DT 09-04644
                                                      Hon. Scott W. Dales

                Debtor.

_____/

FIA CARD SERVICES, N.A.,

                Plaintiff,                            Adversary Proceeding
                                                      No. 09-80323

v.

VERNON HAROLD MAY,

                Defendant.

_____/

**OPINION AND ORDER REGARDING ATTORNEY FEES**


PRESENT:    HONORABLE SCOTT W. DALES

United States Bankruptcy Judge

Following a bench trial on the complaint of Plaintiff FIA Card Services, N.A. against Debtor/Defendant Vernon May, the court determined that the Plaintiff's claim to except its debt from discharge was not substantially justified and signed a judgment of no cause of action.  In its opinion, the court indicated it would "consider awarding costs and a reasonable attorney's fee under 11 U.S.C. § 523(d)" upon timely motion, but its judgment (signed before such a motion) did not award fees.

The next day, Defendant's counsel filed Defendant's Motion for Attorney Fees and Costs, seeking an award of $3,784.47 (the "Motion," DN 24).  On the same day it filed its response to the Motion (the "Response," DN 28), the Plaintiff also filed its Notice of Appeal (DN 29).  The court set the Motion and the Response for hearing to be held in Traverse City, Michigan on June 22, 2010.

In its Response, the Plaintiff argues that "its position was substantially justified because the Congress of the United States determined that the Defendant's debt was presumed to be non-dischargeable." *See* Response at ¶ 1; *see also* 11 U.S.C. § 523(a)(2)(C)(i)(II) (presumption of non-dischargeability for cash advances aggregating more than $825 incurred within 70 days before order for relief).  The court rejects this argument because the Defendant's testimony handily rebutted the presumption, and in any event, the presumption applied only to $1,977.00 of the $5,583.79 that the Plaintiff sought in this matter. The presumption did not affect the "risk of nonpersuasion," Fed. R. Evid. 301, including the possibility that the court might conclude (as it did) that the case was not "substantially justified."[1]  In other words, the court does not construe 11 U.S.C. § 523(a)(2)(C)(i)(II) as overriding 11 U.S.C. § 523(d).  Indeed, Congress has already limited fee-shifting to cases involving exceptions to discharge of consumer debts under 11 U.S.C. § 523(a)(2); the court is not inclined to narrow it further, given the federal policy to

---

[1] Bankruptcy courts generally award attorneys fees to prevailing debtors where, as here, the creditor requested a dischargeability determination under 11 U.S.C. § 523(a)(2); the debt is a "consumer debt"; and the court found the debt dischargeable.  4 COLLIER ON BANKRUPTCY ¶523.08[8] (16th ed.); *see also Thorpe Credit, Inc. v. Carmen (In re Carmen)*, 723 F.2d 16, 16-18 (6th Cir. 1982) (prior version of statute); *Swartz v. Strausbaugh (In re Strausbaugh)*, 376 B.R. 631, 636 (Bankr. S.D. Ohio 2007); *Colabianchi v. Thomas (In re Thomas)*, 258 B.R. 167, 168 (Bankr. N.D. Ohio 2001); *Firstbanks v. Goss (In re Goss)*, 149 B.R. 460, 461 (Bankr. E.D. Mich. 1992) (when the debtor meets these elements, the burden shifts to the creditor to "establish cause" for not awarding fees) (citations omitted); *see generally Chrysler First Fin. Serv. Corp. v. Rhodes (In re Rhodes)*, 93 B.R. 622, 624 (Bankr. S.D. Ill. 1988).

discourage abusive discharge litigation in the consumer context.[2]  Moreover, despite having the opportunity, the Plaintiff does not argue that any "special circumstances" make such an award "unjust." *See* 11 U.S.C. § 523(d).

The Plaintiff also makes several technical arguments, including one based on the mistaken premise that the Defendant failed to request attorney's fees in his Answer (DN 6).  It is true that the Defendant did not file a formal "counterclaim" as defined in Rule 13, but he clearly made a request for fees under 11 U.S.C. § 523(d) in the prayer for relief on the last page of his Answer:

> WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed, with prejudice, with costs and reasonable attorneys fees to be awarded as allowed by 11 U.S.C. § 523(d).

Answer at p. 4.  At oral argument, Plaintiff's counsel appeared surprised when the court informed him that the Defendant had in fact requested attorney's fees in his Answer, but he suggested, incorrectly in the court's view, that such an award must take the form of a formal counterclaim and cannot be made by motion. The court disagrees.

Rule 7008(b) simply required the Defendant to request attorney's fees as a "claim" in his "answer," without using the formal term "counterclaim." His Answer suffices as a claim for such relief.  The court, therefore, rejects the Plaintiff's hyper-technical reading of Rule 7008(b) as inconsistent with the text of the Rule itself and contrary to the liberal pleading philosophy of the

---

[2] By enacting 11 U.S.C. § 523(d), Congress intended to discourage creditors from bringing weak claims "in hopes of extracting a settlement from a debtor anxious to avoid paying attorney's fees to defend the action."  4 COLLIER ON BANKRUPTCY ¶ 523.08[8] (citing legislative history); *see also Thorpe Credit, Inc.*, 723 F.2d at 16-18. Awarding fees in this case is consistent with that aim.

Federal Rules of Civil Procedure generally.[3] The court invited the Defendant to proceed by motion under Rule 54 because after hearing the evidence, the court concluded that (1) the Complaint was not "substantially justified"; (2) the Defendant requested such an award in his Answer; and (3) the applicable statute directs the court to make the award, absent special circumstances. *See* 11 U.S.C. § 523(d); *cf.* Fed. R. Civ. P. 54(c)("Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").

At the hearing on the Motion, Plaintiff's counsel advanced an argument premised on Rule 58 which was not included in the Response. The gist of the argument is that the court failed to preserve its authority to rule on the Motion by not entering an order providing that the Motion had the effect of a Rule 59 motion. This argument is evidently premised on Rule 58(e), which provides, in relevant part, as follows:

> (e) COST OR FEE AWARDS. Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Fed. R. Civ. P. 58 (made applicable by Fed. R. Bankr. P. 7058). At oral argument, Plaintiff's counsel emphasized the second sentence of the quoted text over the first, suggesting that the court lost the authority to rule on the Motion because it did not act before the Plaintiff filed its Notice of Appeal. There are at least two shortcomings with this argument.

---

[3] *See, e.g.*, Fed. R. Civ. P. 8, 15, 54(c).

First, the general rule is that the court should not delay the entry of judgment on the merits pending resolution of fee awards, as plainly appears from the first sentence of Rule 58(e). Also, courts must generally regard fee awards as collateral to the principal decision on the merits. *Green v. Nevers*, 196 F.3d 627, 631 n.2 (6th Cir. 1999); *see Budinich v. Becton Dickinson and Co.*, 486 U.S. 196 (1988). This is so even if Section 523(d) makes the fee award an element of the Defendant's case in some respects. *Budinich*, 486 U.S. at 201 (" . . . the effect of an unresolved issue of attorney's fees for the litigation at hand should not turn upon the characterization of those fees by the statute or decisional law that authorizes them").

Second, the Plaintiff's reliance on the second sentence of Rule 58(e) is misplaced because the text simply *permits* the court to order that a timely Rule 54 motion will extend the time to appeal in the same way that a Rule 59 motion would.  As the Sixth Circuit explained, the second sentence of Rule 58(e) "permits, *but does not require*, the court to delay the finality of judgment for appellate purposes until an attorney fee dispute is decided."  *Green*, 196 F.3d at 631, n.2 (emphasis added, citation omitted).  The court refuses to read Rule 58(e) as effecting a forfeiture of attorney's fees if the court fails to give an attorney's fee motion the same effect on the timeliness of an appeal that a Rule 59 motion would have.  Moreover, the court rejects the suggestion that the pendency of the appeal prevents resolution of the attorney fee issues presented on this Motion:

> The appeal from judgment on the merits can proceed while the attorney
> fee issues are pursued in the district court; the rule requiring appeal
> before conclusion of the fee issues rests on the assumption that ordinarily
> this course should be followed.

Wright, Miller & Cooper, 15B FED. PRAC. & PROC. JURIS. § 3915.6 (2d ed.).

Significantly, Plaintiff's counsel did not challenge in any way the reasonableness of the Defendant's request for fees. The Defendant supported the fee request with an itemized invoice, which the court has reviewed and finds reasonable as to rate and hours.

For the foregoing reasons, the court has determined to grant the Motion. The court notes, in closing, that after the December 1, 2002 amendment to Rule 58, an award of attorney fees does not require a separate judgment but remains subject to review.[4]

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED and the Plaintiff shall pay the Defendant's costs and fees in the amount of $3,784.47 within twenty-eight days after entry of this Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4, upon FIA Card Services, N.A., Lawrence G. Reinhold, Esq., Vernon May, and David M. Kipley, Esq.

END OF ORDER

---

[4] *Green*, 196 F.3d at 630-31 (reviewing post-judgment fee award); *see also* Fed. R. Civ. P. 54(a) (defining "judgment" as "any order from which an appeal lies") *and* 58(a)(3) (making separate document requirement inapplicable to fee awards). Because the Plaintiff did not challenge the reasonableness of the fees, however, it is difficult to perceive what arguments about reasonableness it could present on appeal. The court also notes that the issue of whether the Plaintiff's case was substantially justified is already before the District Court. *See* Statement of Issues to be Presented on Appeal (DN 32) at p. 1.

**IT IS SO ORDERED.**                                    **Dated: June 25, 2010**

Scott W. Dales
United States Bankruptcy Judge